## McDOUGALL v. HAYES.

*(Circuit Court, D. Washington, W. D. July 9, 1891.)*

1. FEDERAL COURTS—JURISDICTION—PARTIES.
   In a suit by one claiming ownership to land by conveyance from one who has made an entry thereon under the land laws of the United States, but who has not received a patent therefor, against one claiming the ownership by virtue of a subsequent entry, a petition of intervention filed by the United States alleging that plaintiff's entry was fraudulent does not make the United States a party, to give the federal courts jurisdiction, since courts have no jurisdiction to pass upon title to land to which the United States has not parted with its legal title, where there is a controversy between a person claiming title under the land laws of the United States as against the government itself.

2. SAME.
   Since, under the law of Washington Territory, the territory was divided into four districts, and the legislature was given power to fix the time and places of holding courts within those districts, with the limitation that courts for the transaction of business in which the United States was interested or might be made a party could be held at no more than three places in each district, and since the legislature provided for courts in the second district for such business at three places other than Montesano, and provided that the court at Montesano should not have jurisdiction of suits in which the United States was interested or a party, such court could not allow to be made or make the United States a party to a suit.

At Law.

*Junius Rochester*, for plaintiff.

*P. H. Winston*, U. S. Atty., for the United States.

HANFORD, J. In the case of Malcolm McDougall against Green C. Hayes a demurrer to the complaint of intervention by the United States of America was interposed and submitted some time ago. I find from examining the record that this is a suit which was originally commenced in the territorial district court for the second judicial district of Washington Territory, holding terms at Montesano, in Chehalis county. Malcolm McDougall is the plaintiff and Green C. Hayes is the defendant named in the complaint. The suit is brought to recover possession of a tract of land in Chehalis county, the title to which is in the United States of America, no patent having been issued. The plaintiff claims ownership of the property by mesne conveyances from one William Campbell, who, it appears, made an entry of the land in the United States district land-office, paid the government price for it, and received from the receiver of the land-office a duplicate receipt, such as the land-office issues upon final proof being made, and which, if regularly issued, would be evidence of the entryman's right to a patent. The defendant, Hayes, never filed an answer or demurrer, or raised any issue; but, after the suit had been commenced, a complaint on the part of the United States of America as an intervenor in the action was presented by the United States attorney to the judge of that court, who indorsed upon it an order granting leave to file it. Subsequently there was a stipulation signed and filed in the case, made between the attorneys for the plaintiff and the attorney representing the United States, allowing the complaint of intervention to stand as the answer of the defendant, Green C. Hayes,

and upon that the court appears to have made an order allowing the complaint of intervention to stand as the answer of Green C. Hayes; yet I do not find in the record that Mr. Hayes ever has adopted this complaint of intervention as his answer in the case, and there is no issue in the record excepting that made between the plaintiff, by the allegations of his complaint, and the United States of America, by the allegations of its complaint of intervention. The complaint of intervention denies the facts as to the regularity or legality of the entry made by Campbell in the land-office, and affirmatively charges that the duplicate receipt was obtained by means of false and fraudulent representations made at the land-office; then goes on to allege that subsequently, after notice being given, and an opportunity for a contest afforded, the officers of the land department assumed to cancel that receipt, and for this reason the United States claims to be the owner of the property, and resists the action by the plaintiff to recover possession of it from the defendant, Green C. Hayes. After the complaint of intervention had been filed at Montesano, the court made an order transferring the cause for trial to the district court of the second judicial district of Washington Territory, holding terms at Tacoma, in Pierce county; and it was accordingly so transferred, and was pending upon the issues I have stated in the court at Tacoma when that court went out of existence by reason of the admission of the state of Washington into the Union. Since then the case has been brought into the United States circuit court of the district of Washington, upon the assumption that this court is the successor of the territorial court, as to this case, by reason of the fact that the United States is a party to the action. I think this is error, and that this court has not, and never has had, jurisdiction of the case, for the reason that the United States never has been, and could not be, a party to the action:

In the first place, the court holding terms at Montesano never was a court which could have jurisdiction of any case in which the United States was a party, and could not, by any order which it had power to make, either bring the United States into court by any compulsory process, or permit any officer representing the government to submit a controversy in which the United States had an interest to the determination of that court. The organic law of the territory in force at that time divided the territory into four districts, and gave the legislature of the territory power to fix the times and places of holding courts within those districts, with the limitation, however, that courts for the transaction of business in which the United States was interested or might be a party could be held at no more than three places in each district. The legislature, under the authority thus given, provided for courts to be held in the second judicial district in several different places, including Montesano; but in the law providing for the holding of court at Montesano it was expressly provided that it should not have jurisdiction in any case in which the United States was interested or a party; and it provided for courts to be held at Tacoma, Olympia, and Vancouver, in the second judicial district, which should have jurisdiction of such cases. So, for that reason, if for no other, I should hold that any attempt to make the

United States a party to the suit was futile and ineffective, because the United States could not be a party to a suit in that court.

There is another reason why the United States could not be a party to this suit, and that is that the suit is one to establish the plaintiff's title to land of which the government has not yet parted with its legal title, and congress has never given the courts power or jurisdiction to pass upon questions of title where there is a controversy between a person claiming title under the land laws of the United States as against the government itself. In the case of *U. S.* v. *Jones*, 131 U. S. 1, 9 Sup. Ct. Rep. 669, it was decided by the supreme court that a suit against the government to determine questions of title under the land laws could not be maintained in the courts. If that is true, it seems to me that it follows necessarily that the United States attorney could not, by simply consenting on his part, confer authority or vest the power in a court to adjudicate any question as against the government, because to do so would be for the attorney to accomplish what the supreme court has said cannot be done without express sanction of law enacted by congress. Until congress gives the courts authority to try these questions, the ministerial officers of the government certainly cannot do so. I consider, therefore, all the proceedings relating to the intervention of the United States as being entirely void, and the case should be regarded as simply an action between Mr. McDougall, a private individual, and Mr. Hayes, a private individual; and there are no facts appearing in the record that would bring the case within the jurisdiction of this court without a written request of one of the parties to bring it here. No such request appears to have been made, and the record is improperly here. An order will therefore be entered, on motion of the court, that the papers filed in the case be immediately transferred by the clerk of this court to the clerk of the superior court of Pierce county, which is, as to cases of this character, the successor of the territorial district court formerly held in Tacoma.